IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| DONALD CARR, | ) |
| | ) |
| Plaintiff | ) 2:21-CV-01816-RAL |
| | ) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| B. ZAHURONIC, INDIVIDUAL | ) UNITED STATES MAGISTRATE JUDGE |
| CAPACITY; E. HINTEMYER, | ) |
| INDIVIDUAL CAPACITY; M. | ) MEMORANDUM OPINION ON MOTION |
| DIALESANDRO, INDIVIDUAL | ) TO DISMISS |
| CAPACITY; AND K. MOORE, | ) |
| INDIVIDUAL CAPACITY, | ) **IN RE: ECF NO.** 21 |
| | ) |
| Defendants | ) |

I.   Background

Plaintiff Donald Carr ("Carr") brought this civil rights action against several employees of the Pennsylvania Department of Corrections at SCI-Greene (Zahuranic, Hintemeyer, Dialesandro, and Moore) (collectively, "Corrections Defendants). *See* ECF No. 9 (original complaint). Carr alleges that the Corrections Defendants violated his rights under the Eighth and Fourteenth Amendments to the Constitution during an incident of alleged excessive force. *See* id., pp. 7, 12. The Corrections Defendants moved to dismiss Carr's complaint on June 17, 2022. *See* ECF No. 21. Carr was ordered to file a response to the motions to dismiss by July 5, 2022. ECF No. 23.

Carr failed to file a response by that date. On August 1, 2022, Carr filed a notice with the Court indicating that he had been released from prison and providing the Court with his change of address. On September 21, 2022, the Court issued an Order to Show Cause directing him to

1

explain his failure to comply with the Court's response order or, alternatively, to file a response to the motion to dismiss on or before October 5, 2022. ECF No. 28. The Order to Show Cause further advised Carr that his failure to respond may result in the Court dismissing his case based on his failure to prosecute. *Id.* (citing *Reavis v. Aurandt*, 2022 WL 3920955 at *1 (W.D. Pa. Aug. 31, 2022). This order was sent to Carr's updated address. To date, Carr has failed to respond to the motion to dismiss or the Court's Show Cause Order or to otherwise indicate that he wishes to proceed with this action. None of the Court's mailings to Carr have been returned as undeliverable.

II.     Discussion

Punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. *Somerville v. Finney*, 2021 WL 2941662, at *2 (W.D. Pa. July 13, 2021) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). In determining whether an action should be dismissed as a sanction against a party, the court must consider six factors. These factors, set forth in *Poulis v. State Farm Fire and Casualty Company*, are as follows:

(1)     The extent of the party's personal responsibility.

(2)     The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3)     A history of dilatoriness.

(4)     Whether the conduct of the party or the attorney was willful or in bad faith.

(5)     The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6)     The meritoriousness of the claim or defense.

747 F.2d 863, 868 (3d Cir. 1984). "In balancing the *Poulis* factors, no single factor is dispositive, and not all of the factors need be satisfied in order to dismiss a complaint." *Rosado v. Adams*, 2009 WL 1181217 at *5 (M.D. Pa. April 30, 2009) (quoting *Mindek,* 964 F.2d at 1373)).

Consideration of these factors weigh in favor of dismissal of the instant action.[1] Factors One, Three, and Four all relate to Carr's failure to comply with this Court's order so that his case may proceed. Each weighs in favor of dismissal. *See e.g., Somerville*, 2021 WL 2941662, at *2. "A pro se plaintiff is responsible for her failure to comply with the court's orders." *Rosado* at *2 (quoting *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002)). With respect to the second factor—the prejudice caused to the adversary by Carr's failure to comply with this Court's orders—there appears to be no specific prejudice to Defendants other than general delay and the expense of filing their motion to dismiss the complaint.

While *Poulis* also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing *Poulis* agree that, where confronted by a pro se litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative. *See, e.g., Emerson*, 296 F.3d at 191. This case presents such a situation. Carr's status as a pro se litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. And, in any event, by entering our prior orders and counseling the plaintiff on his obligations in this case (including an order to Show Cause sent to his updated address), the Court has endeavored to use lesser sanctions, but to no avail. Simply put, Carr has not fulfilled his responsibilities as a litigant. Because lesser sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court.

---

[1] The Parties have consented to the jurisdiction of a United States Magistrate Judge in these proceedings, including the entry of final judgment. *See* ECF Nos. 3, 25.

Finally, under *Poulis*, courts are instructed to consider one other factor, the meritoriousness of the plaintiff's claims. Here however, consideration of this factor cannot save Carr's claims because he remains wholly non-compliant with the court's instructions. Carr cannot refuse to comply with court orders which are necessary to allow resolution of the merits of his claims, and then assert the untested merits of those claims as grounds for declining to dismiss the case. Therefore, the untested merits of Carr's claims, standing alone, cannot prevent dismissal of a case for failure to prosecute. *See, e.g., Waters v. Harrisburg Prop. Servs., LLC.*, 2022 WL 7579040, at *5 (M.D. Pa. Oct. 13, 2022).

Accordingly, the complaint filed in the above-captioned case will be dismissed for failure to prosecute and Defendants' pending Motion to Dismiss, ECF No. 21, will be denied as moot. A separate order will issue.

BY THE COURT:

_____
RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE